[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13169
This case concerns an administrative appeal of a Connecticut Human Rights and Opportunities Commission [CHRO] decision, sustaining the sexual harassment and retaliation complaint of Ms. Patricia Dyer. The appellants are Ms. Dyer's former employing corporation, and the president of such corporation.
The CHRO decision awarded Ms. Dyer a total of $23,695.54 in back pay (with interest), damages for emotional distress and attorney's fees.
The appellants in their brief, though maintaining their denial of culpability; essentially challenge the award of damages. Appellants dispute the calculation of back pay; and the award of any damages for emotional distress, attorney's fees and interest.
The claims relating to attorney's fees and damages for emotional distress are controlled by Bridgeport Hospital v. CHRO,232 Conn. 91 (1995). "The issue before the court is whether General Statutes § 46a-86, authorizes the award of damages for emotional distress and attorney's fees for a violation of General Statutes § 46a-60(a)(1). We conclude that it does not, 232 Conn. 92-93.
This case is indistinguishable from Bridgeport Hospital on the legal basis of the award of damages. The lengthy decision of the hearing officer finds violations of C.G.S. § 46a-60
(a)(1)(4) and (8), (P. 27) and awards damages for emotional distress and attorney's fees specifically under C.G.S. §46a-86(a). The express holding of the Bridgeport Hospital decision is that C.G.S. § 46a-86(a) does not allow such an award for violations of C.G.S. § 46a-60.
CHRO asserts that this case is different because it also alleges a violation of C.G.S § 46a-58(a) and that statute should be construed to allow such damages in employment cases. The Supreme Court in Bridgeport Hospital, 232 Conn. 91 at 116 left to another day whether C.G.S. § 46a-58 applies to employment cases and allows the award of attorney's fees and emotional distress damages in such cases. Here, we are similarly constrained by the CHRO hearing officers explicit reliance on C.G.S. § 46a-86 as the authority for her award of attorney's fees and emotional distress damages for a violation of § CT Page 1317046a-60. There is no record of a finding or a violation of §46a-58 or of any award of damages under such statute.
The record does not afford this court the opportunity to interpret and apply C.G.S. § 46a-58.
The claim regarding the award of interest on back pay is also controlled by Bridgeport Hospital, even though indirectly.
In its extensive analysis of legislative history of §46a-60 the court notes in Bridgeport Hospital, 232 Conn. 91 at 102 (1995): "In the absence of any mention of either general compensatory damages or attorney's fees, fees in the discussions regarding this enactment, it appears that neither was contemplated. Back pay is the only monetary component contained within the statute." Further noting at 232 Conn. 111:
While we recognize that a hearing officer has broad authority to construct remedies for employees who have suffered discrimination in the workplace, this power can be exercised only to accomplish the remedial purpose of the statute, which is to `restore those wronged to their rightful economic status absent the effects of the unlawful discrimination,' State v. CHRO,211 Conn. 464, 484 (1989)." Also, see Fenn Mfg. Co. v. CHRO,
Judicial District of Hartford-New Britain at Hartford, No. CV92-509435, February 8, 1994, where the court in applying § 46a-86 held:
"Instead, it directs the CHRO to ensure that whatever remedy is fashioned for the employee be designed to return him or her to the same economic status he or she would have had in the workplace if unlawful discrimination never occurred."
The Supreme Court's discussion in Bridgeport Hospital and citation with approval of the Fenn Mfg. Co. case at232 Conn. 111; directs the allowance of an award of interest on back pay damages. Restoration of rightful economic status would ordinarily require the award of interest on back pay.
The appellants contest of the award of back pay challenges the calculation of back pay without deduction of Ms. Dyer's earnings as a hairdresser. Connecticut courts are encouraged to look to analogous federal authority in the absence of controlling Connecticut authority by Levy v. CHRO, 35 Conn. App. 474, 480
(1994). CT Page 13171
42 U.S.C. § 2000e-5(a) mandates in employment discrimination cases that "interim earning . . . shall operate to reduce the back pay otherwise allowable." In applying this statutory requirement to moonlighting or supplemental jobs the decisions look to whether there is a conflict in the jobs or whether they can be held simultaneously. If there is not a conflict and the jobs can be held permanently, the moonlighting income is not "interim earnings." See, Bing v. Roadway Express,485 F.2d 441, 454 (5th Cir. 1973), Willis v. Watson Chapel SchoolDistrict, 749 F. Sup. 923 (W.D. Ark. 1990) and Watlington v.University of Puerto Rico, 751 F. Sup. 318 (1990).
Ms. Dyer worked two jobs while employed as a waitress by appellant. The hearing officer specifically found that throughout her employment with appellant, Ms. Dyer maintained the second part-time job as a hairdresser. She picked up additional hours in her hairdressing job; but remained available and in fact became reemployed in another part-time waitress job.
Ms. Dyer's lost wages were properly calculated by offsetting the waitressing income and ignoring the continuing hairdressing income.
The CHRO decision is affirmed in its award of back pay and interest. It is overturned with respect to the awards of damages for emotional distress and the award of attorney's fees.
Cone, J.